## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MARY ALICE MCCLOSKEY, EXECUTRIX OF
THE ESTATE OF STEPHEN SANFORD FAUST, deceased,

                Plaintiff,

v.                                CIVIL ACTION NO. 3:24-0630

AYA HEALTHCARE SERVICES, INC.;
CABELL HUNTINGTON HOSPITAL, INC.;
JOSEPH R. ADKINS; and
JOHN DOES "1" THROUGH "5",

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Aya Healthcare Services, Inc. and Joseph R. Adkins' Motion to Dismiss Plaintiff's Punitive Damage Claim. ECF No. 22.[1] Plaintiff Mary Alice McCloskey, as the Executrix of the Estate of Stephen Sanford Faust, opposes the motion. For the following reasons, the Court **DENIES** Defendants' motion.

In her Complaint, Plaintiff alleges that, while Stephen Sanford Faust was hospitalized and recovering from back surgery, Defendant Adkins, a registered nurse working at Defendant Cabell Huntington Hospital for and on behalf of Defendant Aya Healthcare Services, Inc., gave Mr. Faust the wrong medication. *Compl.* ¶¶1(h), 8, 16-26. As a result, Plaintiff states Mr. Faust suffered serious injuries and ultimately died. Following his death, Plaintiff filed this

---

[1] Defendants combined their motion with their Answer and Affirmative Defenses to Plaintiff's Complaint. In the future, motions filed in this Court should be filed as a separate document.

action on the behalf of his estate. Generally speaking, Plaintiff alleges in Count I that Defendants committed a variety of negligent acts and omissions related to employment, policies, and patient care;[2] in Count II medical malpractice; in Count III that Defendants' negligent acts and omissions resulted in Mr. Faust being administered the wrong medication; and in Count IV that Defendants' actions were "extremely negligent" and "conducted with actual malice . . . and/or with a conscious, reckless and outrageous indifference" to Mr. Faust's "health, safety and welfare." *Compl.* ¶¶52, 53. For these actions, Plaintiff seeks punitive damages in her prayer for relief.

In its motion, Defendants argue that the punitive damage claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's allegations only amount to ordinary negligence and there is no factual basis that Defendants acted maliciously, wantonly, or in reckless disregard to Mr. Foust. Plaintiff responded to Defendants' motion by asserting the Complaint is sufficient and a trier of fact could find punitive damages are appropriate based upon Defendants' acts and omissions. Defendants did not file a Reply. Upon review, the Court **DENIES** Defendants' motion.

---

[2]In Count I, Plaintiff asserts, inter alia, Defendants failed:

(a) to use reasonable care in providing medical care to their patients;

(b) to select and retain only competent agents and employees;

(c) to oversee all persons who provide medical care within the walls of their facility as to patient care;

(d) to formulate, adopt and enforce adequate rules, policies and procedures to ensure quality care for patients; and

(e) to provide a safe environment for patients.

*Id*. ¶32.

Although Defendants move to dismiss under Rule 12(b)(6), Plaintiff aptly points out that the motion actually falls under Rule 12(c) because it was filed contemporaneously with the Answer. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (finding that, because the motion to dismiss and answer were filed simultaneously, the motion technically is one "under Rule 12(c) as one for judgment on the pleadings" (citations omitted)). "Nevertheless, as a practical matter, the standard of review for a Rule 12(c) motion is nearly identical to one under Rule 12(b)(6), with the key difference being that under Rule 12(c) a court also may consider a party's Answer and attachments." *Slone v. Racer*, Civ. Act. No. 3:23-0636, 2024 WL 4314898, at *2 (S.D. W. Va. Sept. 26, 2024) (citations omitted). Therefore, under Rule 12(c), the Court must "accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018) (citation omitted). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe v. City of Charlottesville, Va*., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations, brackets, and quotations omitted). This Court should grant a Rule 12(c) motion only if, "'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Priority Auto Grp., Inc. v. Ford Motor Co*., 757 F.3d 137, 139 (4th Cir. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

Applying this standard, the Court finds Plaintiff has stated a plausible claim that she is entitled to a punitive damage award. Plaintiff asserts Mr. Faust was given the wrong

medicine, which was the result of Defendants "failing to formulate, adopt, enforce and apply adequate rules, policies and procedures to ensure Mr. Faust's safety and care" and acting in an "extremely negligent" manner and "with actual malice . . . and/or with a conscious, reckless and outrageous indifference" to Mr. Faust's "health, safety and welfare" in Count IV. *Compl.* ¶¶52, 53. Certainly, "'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor,'"[3] it is at least plausible that Defendants' acts and omissions related to Mr. Faust's safety and care may rise to a level warranting punitive damages. Therefore, the Court finds the claim for punitive damages should not be dismissed and **DENIES** Defendants' motion. Whether Plaintiff ultimately may prove punitive damages is a matter best resolved after discovery.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        May 12, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] *Priority Auto Grp., Inc.*, 757 F.3d at 139 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).